09-1437-cr
United States v. Fuller

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT:   JOSEPH M. McLAUGHLIN,
                      CHESTER J. STRAUB,
                      REENA RAGGI,
                                  *Circuit Judges.*

--------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                      *Appellee*,


                      v.                                                             No. 09-1437-cr

ROSS A. FULLER, III,
                      *Defendant-Appellant*.
--------------------------------------------------------------------------

FOR APPELLANT:          Lisa A. Peebles, Federal Public Defender, James P. Egan, Research & Writing Attorney, Office of the Federal Public Defender for the Northern District of New York, Syracuse, New York.

FOR APPELLEE:           Lisa M. Fletcher, Brenda K. Sannes, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgement of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on April 2, 2009, is VACATED and the case REMANDED with instructions to dismiss the indictment.

This case returns to us following an order of the United States Supreme Court vacating our decision affirming defendant Ross A. Fuller, III's conviction for violating 18 U.S.C. § 2250, see Fuller v. United States, 132 S. Ct. 1534 (2012), vacating 627 F.3d 499 (2d Cir. 2010), and remanding the case for further consideration in light of Reynolds v. United States, 132 S. Ct. 975 (2012). On remand, Fuller argues that the Supreme Court's decisions in Reynolds and Carr v. United States, 130 S. Ct. 2229 (2010), compel vacatur of his § 2250 conviction. The United States agrees. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

Fuller contends that his charged conduct in traveling from Missouri to New York between July 27, 2006, and February 28, 2007, and thereafter failing to register under the Sex Offender Registration and Notification Act ("SORNA"), did not violate § 2250 as now construed by the Supreme Court. We agree.

In Carr, the Supreme Court held that "[o]nce a person becomes subject to SORNA's registration requirements . . . that person can be convicted under § 2250 if he thereafter travels and then fails to register." Carr v. United States, 130 S. Ct. at 2236. Subsequently,

2

in <u>Reynolds</u>, the Court held that SORNA's "registration requirements do not apply to pre-[enactment] offenders until the Attorney General specifies that they do apply." <u>Reynolds v. United States</u>, 132 S. Ct. at 978. Fuller, who was convicted of a sex offense prior to SORNA's enactment, traveled interstate before the Attorney General specified that SORNA's registration requirements applied to persons in Fuller's position. <u>See</u> 42 U.S.C. § 16913(d) (providing that "[t]he Attorney General shall have the authority to specify the applicability of the [registration] requirements . . . to sex offenders convicted before" SORNA's enactment); <u>Reynolds v. United States</u>, 132 S. Ct. at 978–79; 72 Fed. Reg. 8897 (Feb. 28, 2007) (codified at 28 C.F.R. § 72.3) (providing that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of" SORNA). Thus, because Fuller was not required to register at the time of his interstate travel, his charged conduct did not violate § 2250. <u>See</u> <u>Carr v. United States</u>, 130 S. Ct. at 2236. In light of this determination, we need not reach any of the other arguments for vacatur urged by Fuller on remand.

Accordingly, the judgment of conviction is VACATED and the case REMANDED with instructions to dismiss the indictment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court